**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

HECTOR QUISPE MAMANI,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 1:26-cv-09150-JLT-EPG

A-Number: 240-334-824

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 2)

Before the Court is Hector Quispe Mamani's request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Peru. He entered the United States without inspection in May 2022, and was encountered by U.S. Border Patrol near Otay Mesa, California. (Doc. 8-1 at 2.) The same day, Petitioner was processed with a Notice to Appear pursuant to § 212(a)(6)(A)(i) and subsequently released from custody. (*Id.*) On August 13, 2024, Petitioner was convicted of driving under the influence of alcohol, for which he was sentenced to four days in jail and three years of probation. (Doc. 8-3 at 3.) On October 26, 2026, ICE encountered Petitioner and

determined that he remained removable and subject to ongoing removal proceedings. (*Id*. at 2.) The Form I-213 further reflects that ICE considered Petitioner's criminal history in assessing Petitioner's custody status. (*Id*.) ICE subsequently issued a Form I-200 Warrant for Arrest of Alien and re-detained Petitioner pursuant to 8 U.S.C. § 1226(a). (Doc. 8-4.) ICE also served Petitioner with a Form I-286 Notice of Custody Determination. (Doc. 8-5.) Petitioner requested review of that custody determination before an Immigration Judge. *Id*. There is no indication that Petitioner has been scheduled for a bond hearing before an IJ pursuant to this request. (*Id*.) Petitioner is currently detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On November 5, 2026, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his arrest by immigration authorities without a constitutionally adequate pre-deprivation process violates his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6.) On November 13, 2026, Respondents filed an opposition, in which they acknowledge that Petitioner's detention is governed by 8 U.S.C. § 1226(a), but argue relief should be limited to a prompt custody redetermination hearing rather than Petitioner's immediate release. (Doc. 8 at 2-3.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a) governs Petitioner's detention. *See also, J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC),

2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). Respondent's prior release of Petitioner creates a liberty interest under the Due Process Clause, although his recent criminal history justified providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M,* 2025 WL 2938808, at *15. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

4. **At least 72 hours before** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **At the bond hearing, the immigration judge SHALL make a factual**

**finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**

6. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: November 16, 2026

UNITED STATES DISTRICT JUDGE